## Richmond.

ANNE E. B. SLATER V. CHARLES H. SLATER.

DECEMBER 22d, 1894.

Absent, Lacy, J.

1. CUSTODY OF CHILDREN—*Doctrine.*—The future welfare and interest of the child is the paramount consideration as respects its custody against the claims of either or both of its parents, and notwithstanding a statute recognizing the superior rights of the father. '

2. IDEM—*Case at bar.*—Where the father, though not very affectionate, is yet thoughtful and solicitous for the personal and spiritual welfare of his family, and successful in business and able to provide for them, whilst the mother, though affectionate, is dependent on her parents for support: HELD : The children must be committed to their father.

Error to judgment of circuit court of city of Williamsburg and county of James City, rendered June 23, 1891, at a special term, upon a writ of *habeas corpus* sued out by the defendant in error, Charles H. Slater, directed to his wife, Anne E. B. Slater, alleging that she had abandoned him and taken with her their three infant children, the eldest not being seven years of age, and was unlawfully and without his consent detaining them, and refused to deliver them up to him. The circuit court, by its judgment, ordered the children to be surrendered to their father, and from said judgment their mother brought the case here upon writ of error. Opinion states the case.

*J. F. Hubbard,* for plaintiff in error.

*C. A. Branch* and *E. B. Slater*, for defendant in error.

Hinton, J., delivered the opinion of the court.

The record of this case shows that on the 27th day of August, 1890, Charles H. Slater obtained from the Hon. W. G. W. Farthing, judge of the county court of York county, a writ of *habeas corpus ad subjiciendum*, commanding the respondent, his wife, Anne E. B. Slater, to appear before the said judge at Williamsburg on the 3d of September, and bring with her the bodies of their three infant children, Grace E., Charles H., and W. B. Slater, together with the cause of their detention, &c. The said judge having fully heard the matter, on the 26th of September, 1890, entered a judgment directing that the said children be remanded to the custody of the said Anne E. B. Slater, and that the writ be dismissed at the cost of the relator.

The case was heard in vacation, and during the trial several bills of exception were taken by the relator, none of which need be referred to, as in our opinion the case turns not on an inquiry as to what are the facts, but what is the conclusion to be drawn from the facts which sufficiently appear, whether the certificate of facts or the certificate of evidence, or both, be looked at.

From the judgment of the county judge an appeal was taken to the circuit court, which court reversed the judgment of Judge Farthing, and directed the children to be delivered up to the said Charles H. Slater; and from this last-mentioned judgment the case has been brought here.

It clearly appears by the record that the parents have lived unhappily almost from the time of their marriage, and that this condition of things was brought about by the refusal of the wife to cohabit with the husband, and a suspicious disposition on the part of the husband.

While such have been the relations of the parents, it also

appears that Mrs. Slater has been a most affectionate and de-. voted mother, and that Mr. Slater has been a sober and successful business man, providing for the wants of his family, but given to outbursts of temper when thwarted by his wife.

He seems to have broken up his home, but both he and the grandparents of the children with whom they are residing are able and willing to provide for these infants, who at the time of the institution of this proceeding were, respectively, six, four, and two years old.

Under these circumstances should the children be left with the mother or restored to the father, whose treatment of his wife has been at times both harsh and injudicious?

In the Amer. and Eng. Encyl. Law, vol. IX., p. 243, it is said : " Rights of the father to the custody of his children are not so absolute in this country as in England. Where each is blameless, the father is entitled to the custody of his children. But the courts adopt the equitable principle that this right must yield to considerations affecting the welfare of the children.   *   *   *   *   *   *   *   *   *   * The later and better doctrine now generally recognized with respect to contentions among relatives for the custody of infants, is that the future welfare and interest of the child is the paramount consideration, even as against the claim of either or both of its parents; and notwithstanding a statute recognizing the superior rights of the father."

Now, this being in brief the law applicable to the case, the only question is whether the interests of these infants will best be subserved by committing these children to the care and custody of their father, who is their natural guardian, and who, if he is not shown to be an extremely affectionate person, is shown to be a thoughtful and provident person, solicitous for the personal and spiritual welfare of his family, and able to provide for them, or by leaving them in the custody of their mother, who is herself dependent on her parents for her sup-

port.   Upon this point we think there can be but one answer, and that in favor of committing them to their father.

In the opinion of this court the judgment of the circuit court is right and must be affirmed.

JUDGMENT AFFIRMED.